09-5346-pr
Sims v. Emanual

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand and ten.**

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THEOPPOLIS SIMS,

*Plaintiff-Appellant,*

v.                                                                No. 09-5346-pr

EMANUAL, LT., CONNELL, CO, BELL, CO, N. DAVIS, CO,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**            Theoppolis Sims, *pro se*, Cheshire, CT.

**FOR DEFENDANTS-APPELLEES:**           Richard T. Biggar, Assistant Attorney
                                        General, Office of the Attorney General,
                                        Hartford, CT.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Theoppolis Sims ("plaintiff"), *pro se*, appeals from the District Court's order dismissing his complaint *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Plaintiff filed his complaint against a Correctional Lieutenant and three Correctional Officers, in their individual capacities, alleging cruel and unusual punishment in violation of the Eighth Amendment. We assume the parties' familiarity with the facts and procedural history of this matter.

To state an Eighth Amendment claim, plaintiff must demonstrate both that he was incarcerated under conditions that posed a substantial risk of serious harm, and that defendants possessed culpable intent—that is, that defendants knew that the plaintiff faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Plaintiff's conditions of confinement, moreover, must meet "minimal civilized measures of life's necessities," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), which means that prison officials must provide for an inmate's "basic human needs," such as food, clothing, shelter, medical care, and reasonable safety, *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989).

A review of the record reveals that the District Court correctly found that plaintiff had alleged no facts suggesting that his basic needs were not met or that defendants possessed culpable intent, and that the incident did not rise to the level of an Eighth Amendment violation.

## CONCLUSION

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court

2